In re Oscar Lavon LYONS, Debtor.

R. Eugene CREWS and Southeastern Bank, Movants,

v.

Oscar Lavon LYONS, Respondent.

Bankruptcy No. 93–50179.
Adv. No. 94–5015.

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

Sept. 29, 1994.

---

**460**

William S. Orange, III, Brunswick, GA.

Marvin Pipkin, Darien, GA.

William R. Little, III, Waycross, GA.

Terry A. Dillard, Waycross, GA.

Delman Minchew, Waycross, GA.

Wiley A. Wasden, III, Chapter 7 Trustee, Savannah, GA.

### ORDER

JAMES D. WALKER, Jr., Bankruptcy Judge.

Lavon Lyons ("Debtor") has asserted the right to a jury trial in this adversary proceeding seeking recovery for alleged fraud against defendants Southeastern Bank and R. Eugene Crews pursuant to the Supreme Court's holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The adversary proceeding filed by Debtor is a core matter. 28 U.S.C. §§ 157(b)(2)(C), 157(b)(2)(B), and 157(b)(2)(O).

Debtor has waived his right to a jury trial by filing his petition in bankruptcy. *Haile Co. v. R.J. Reynolds Tobacco Co. (In re Haile Co.)*, 132 B.R. 979 (Bankr.S.D.Ga.

1991). As the Seventh Circuit Court of Appeals has explained:

> The Supreme Court did not address the extent of the debtor's Seventh Amendment right to jury trial in bankruptcy court in *Granfinanciera*. However, if creditors 'by presenting their claims ... subject ... themselves to all the consequences that attach to an appearance,' *Granfinanciera*, 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14, quoting *Alexander v. Hillman*, 296 U.S. 222, 241, 56 S.Ct. 204, 210, 80 L.Ed. 192, thereby losing any jury trial right otherwise guaranteed by the Seventh Amendment, debtors who initially choose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right. [footnote omitted]. A defendant or potential defendant to an action at law cannot initiate bankruptcy proceedings, thus forcing creditors to come to bankruptcy court to collect their claims, and simultaneously complain that the bankruptcy forum denies him or her a jury trial. [citations omitted].... Debtors then would be able to block their creditors' access to a jury trial without compromising their own ability to demand a jury in their preferred forum.

*N.I.S. Corp. v. Hallahan (Matter of Hallahan)*, 936 F.2d 1496, 1505 (7th Cir.1991).

The court's holding in *Matter of Hallahan* is directly on point, and this Court sees no reason to deviate from the logic of its holding. Accordingly, Debtor's demand for a jury trial in this adversary proceeding is denied.