**In re NATURALLY BEAUTIFUL NAILS, INC., Nail Masters, Inc., Debtors.**

**Naturally Beautiful Nails, Inc., Plaintiff,**

**Bay Area Capital, Inc., Intervenor–Plaintiff.**

**v.**

**Wal–Mart Stores, Inc., d/b/a Sam's Club, Defendant.**

**Bankruptcy Nos. 95–0321–8P1, 95–0802–8P1.**

**Adversary Nos. 98–727, 99–160.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 23, 2000.

Buddy D. Ford, Tampa, FL, for debtor.

John A. Anthony, Shackleford, Farrior, Stallings & Evans, P.A, Tampa, FL, for plaintiff.

Jonathan Stidham, Stidham & Stidham, P.A., Bartow, FL, co-counsel for plaintiff.

Bernard H. Gentry, Clark & Campbell, P.A., Lakeland, FL, for intervenor-plaintiff.

Richard C. Prosser, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for defendant.

Vincent M. D'Assaro, D'Assaro and Hall, P.A., Orlando, FL, co-counsel for defendant.

### ORDER ON DEMAND FOR JURY TRIAL

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this adversary proceeding is a Demand for Jury Trial, filed by Naturally Beautiful Nails, Inc., (Debtor). The original Com-

plaint was filed on December 31, 1998, against Wall–Mart Stores, Inc., d/b/a Sam's Club and asserted three claims in three separate Counts. The Claim in Count I was based on an alleged voidable preference, the claim in Count II on an alleged fraudulent transfer, and the claim in Count III on an alleged breach of contract. The Debtors did not demand a trial by jury in the original Complaint, however, Wall–Mart did in its Answer. The Debtor filed a Motion to Dismiss Counts I and II and this Court entered an Order dismissing the claims, having concluded that these claims were time barred for not having been brought within two years after the order for relief was entered, as provided for by Section 546(a)(1) of the Bankruptcy Code. Before the original Complaint was dismissed, Bay Area Capital, Inc., (Bay Area) filed a Motion to Intervene as Plaintiff and its Motion was granted.

On June 7, 2000, the Debtors filed their Amended Complaint. In this Complaint the Debtors again asserted three claims; one for breach of contract; the second for fraud in the inducement; and the third for conversion. As required by FRBP 7008 the Debtors stated that the claims were "core." They did not demand a jury trial. On June 14, 2000, Wal–Mart filed its Answer. In its Answer Wal–Mart denied that the claims asserted in the Amended Complaint were "core." Wal–Mart did not renew its demand for jury trial. On June 28, 2000, the Debtors filed their Demand for Jury Trial and this is the demand presently under consideration. Just prior to the commencement of the hearing on this matter, Wall–Mart filed a written waiver of its original demand for trial be jury. Basically these are the essential and relevant undisputed facts based on which the Debtor's right to trial by jury has to be determined.

## RIGHT TO TRIAL BY JURY IN THE BANKRUPTCY COURT.

Prior to the adoption of the Reform Act of 1978 under the Bankruptcy Act of 1898 Referees, later renamed Bankruptcy Judges in 1973 by the first Bankruptcy Rules, were not authorized to conduct trials by jury. This was true for the obvious reason, which was that their jurisdiction was limited to summary jurisdiction as distinguished from plenary jurisdiction. It was limited to an in *rem jurisdiction*, that is, the power to determine controversies concerning properties which were in the actual or constructive possession of the bankrupt on the date of the commencement of the case. They had no jurisdiction to determine controversies in which a third party was entitled to a trial by jury under the Seventh Amendment.

As part of the Bankruptcy Reform Act of 1978 Congress amended the Judicial Code by enacting 28 U.S.C. § 1470 which provided that the right to a trial by jury in any proceeding arising in, arising under or related to a case under Title 11 shall be preserved to the extent such right existed. The jurisdictional grant of the Bankruptcy Reform Act of 1978 was found to be unconstitutional by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

To cure the constitutional defect, Congress enacted the Bankruptcy Amendment And Federal Judgeship Act Of 1984 (BAFJA) which included an Amendment of the a Judicial Code. This Amendment of the Judicial Code by 28 U.S.C. § 1334(a)and (b) did not reenact the previous provision which provided for trial by jury in civil proceedings arising in, arising under or related to a case under Title 11.

However, as part of the 1984 legislation, Congress also enacted 28 U.S.C. § 157(e) which now provides that if the right to a jury trial applies in a proceeding that may be heard by a Bankruptcy Judge, and if the case was referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157, the Bankruptcy Judge may conduct the jury trial, *if* specially designated to exercise such jurisdiction by the District Court and

with the *express consent of all parties.* (Emphasis supplied.)

■ This record leaves no doubt that the claims asserted in the Amended Complaint are, at most, "related" to a case under Title 11, and certainly not "core." This being the case, this Court lacks the power to enter a final determinative judgment but may only submit proposed findings of fact and conclusions of law to the District Court. Moreover, the final judgment shall be entered by the District Court after considering the submission *de novo.* 28 U.S.C. § 157(c)(1). Even a cursory reading of the Seventh Amendment leaves no doubt that, pursuant to the language of the Amendment, no facts tried by a jury shall be reexamined by any Court in the United States. Clearly this provision of the Constitution is totally incompatible with the requirement of 28 U.S.C. § 157(c)(1) which requires a *de novo* review of the proposed findings of fact and conclusions of law submitted by the Bankruptcy Court to the District Court in a related matter.

■ While there is no doubt that the District Court of the Middle District of Florida did enter an Order on December 1, 1994, specially designating the Bankruptcy Judges of this District to conduct jury trials pursuant to 28 U.S.C. § 157(e), the Order requires a consent by all parties. Wal–Mart did not consent to a trial by jury, which is one of the reasons the Plaintiff is not entitled to a jury trial. In addition, the Constitution prohibits trial by jury in a non-core or related matter.

For the reasons stated above, the Demand for Jury Trial should be denied.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Demand for Jury Trial filed by the Debtors be, and the same is hereby, denied.