In the Matter of RDM SPORTS GROUP, INC.; RDM Holdings, Inc.; Sports Group, Inc.; Diversified Products Corporation; Willow Hosiery Company, Inc.; Hutch Sports USA, Inc.; Diversified Trucking Corp.; International Sports and Fitness, Inc.; and T.Q., Inc., Debtors.

William G. Hays, Jr., as Liquidating Agent, f/k/a Chapter 11 Trustee, for RDM Sports Group, Inc. and Related Debtors, Plaintiff,

v.

Equitex, Inc.; Smith, Gambrell, Russell, L.L.P.; David J. Harris, P.C.; and David J. Harris, individually, Defendants.

Bankruptcy Nos. 97–12788–WHD to 97–12796–WHD. Adversary No. 00–1065.

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

April 2, 2001.

See also 260 B.R. 905.

James C. Cifelli, Lamberth, Bonapfel, Cifelli & Stokes, Atlanta, GA, Leo R. Beus, Beus Gilbert PLLC, Phoenix, AZ, for Plaintiff.

Grant T. Stein, Rebecca M. Lamberth, Alston & Bird LLP, Atlanta, GA, for defendants.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is "Defendants Smith, Gambrell & Russell, L.L.P., David J. Harris, P.C., and David J. Harris' Motion to Strike the Jury Demand of the Plaintiff and Brief in Support of the Motion to Strike" (hereinafter "Motion"). The Plaintiff in this adversary proceeding, William G. Hays, Jr., the Liquidating Agent for RDM Sports Group, Inc. and Related Debtors (hereinafter the "Trustee"),[1] opposes the Motion. The Court's decision is based on the following reasoning.

### BACKGROUND

On August 18, 2000, the Trustee filed a complaint against Smith, Gambrell & Russell, L.L.P., David J. Harris, P.C., and David J. Harris (hereinafter the "Defendants"). The complaint consists of four causes of action: breach of fiduciary duty (count four); legal malpractice and negligence (count five); civil conspiracy/acting in concert with others (count six); and receipt of preferential payments (count seven).[2] The gravamen of the Trustee's complaint is that the Defendants should be held liable for actual and punitive damages for their role in causing the Debtors' financial demise. On August 28, 2000, the Trustee filed a jury trial demand. The Defendants have moved to strike that demand. Whether the Trustee is entitled to a jury trial is the issue before the Court. This issue appears to be one of first impression in this district.

---

1. Mr. Hays served as the Chapter 11 trustee in the main bankruptcy case prior to becoming the Liquidating Agent under the confirmed plan. For ease of reference, Mr. Hays will be referred to as the Trustee, rather than as the Liquidating Agent.

2. Equitex, Inc. is also a named defendant in this action, but it is not a party to this Motion. Counts one, two, and three pertain to Equitex.

## DISCUSSION

### I. Whether the Trustee has a Seventh Amendment Right to a Jury Trial

■■■ There is no dispute that the Trustee's claims, except the preference claim, are "non-core" in nature. These claims do not invoke substantive rights created by the Bankruptcy Code and they could exist independently of bankruptcy. *See Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1348 (11th Cir.1999) (citation omitted). Notwithstanding this designation, the distinction between core and non-core proceedings is not determinative of whether the Trustee is entitled to a jury trial. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (commenting that Congress' label of a fraudulent conveyance claim as a core proceeding under the Bankruptcy Code does not affect a party's right to a jury trial on that claim); *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1326–27 (2d Cir.1993) (litigants may not be deprived of their constitutional rights simply because Congress labeled a cause of action core) (citation omitted); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1504 (7th Cir.1991) (same).

■■■ A party's right to a jury trial is grounded in the Seventh Amendment to the United States Constitution, which provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved...." U.S. CONST. amend. VII. The Seventh Amendment only preserves the right to a jury trial for suits at common law, not suits based in equity. *Germain*, 988 F.2d at 1328. To ascertain whether a party has a Seventh Amendment right to a jury trial, a distinction must necessarily be made between legal and equitable claims. In *Granfinanciera*, the Supreme Court articulated a two-part test for drawing such a distinction: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." 492 U.S. at 42, 109 S.Ct. 2782 (quoting *Tull v. United States*, 481 U.S. 412, 417–418, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)). The Supreme Court noted that the "second stage of this analysis is more important than the first." *Id.*

■■■ Application of the test to the case sub judice produces mixed results. As stated by the Supreme Court, an action for breach of fiduciary duty was once "within the exclusive jurisdiction of courts of equity." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (citations omitted); *see also In re Jensen*, 946 F.2d 369, 371 (5th Cir.1991). Negligence and malpractice are legal claims. *See Ben Cooper, Inc. v. The Ins. Co. of the State of Pennsylvania (In re Ben Cooper, Inc.)*, 896 F.2d 1394, 1402 (2d Cir.1990); *United States v. Fotopulos*, 180 F.2d 631, 634 (9th Cir.1950). Likewise, a claim based on civil conspiracy is a common law, or legal, claim. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 512–13, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). As for actions to recover preferential transfers, the Supreme Court observed in *Granfinanciera* that such actions "were often brought at law in late 18th-century England." 492 U.S. at 43, 109 S.Ct. 2782. Thus, for our purposes here, one claim is equitable, while the other three are legal. That an equitable claim has been joined with three legal claims does not justify a denial of the Trustee's right to a jury trial. *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (concluding that if a legal claim is jointed with

an equitable claim, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact"); *Germain*, 988 F.2d at 1329; *Jensen*, 946 F.2d at 372.

As for the remedy sought by the Trustee, he seeks money damages. He contends that the Defendants' acts of commission or culpable omissions damaged the Debtors. All of the injuries complained of are compensable by a money judgment. "Where an action is simply for the recovery ... of a money judgment, the action is one at law." *Pernell v. Southall Realty*, 416 U.S. 363, 370, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974) (quoting *Whitehead v. Shattuck*, 138 U.S. 146, 151, 11 S.Ct. 276, 34 L.Ed. 873 (1891)). This Court is of the view that the relief requested is a legal remedy. *Germain*, 988 F.2d at 1329; *Jensen*, 946 F.2d at 372. Accordingly, since the remedy sought and most of the claims sound in law, as opposed to equity, the Seventh Amendment applies to this case. Thus, unless the Trustee has somehow waived his Seventh Amendment right, he should be afforded an opportunity to present his case to a jury.

## II. Whether the Trustee has Waived his Seventh Amendment Right

### A. Supreme Court Precedent

■ The concept of waiver is at the center of this controversy. Specifically, the Court must decide whether the Trustee, by electing the bankruptcy court as his forum, waived his right to a jury trial. To set the stage for the parties' arguments for and against waiver, an understanding of the Supreme Court's views on the subject is critical. While the Supreme Court has not faced the precise issue before the Court today, it has had occasion to consider the propriety of jury trials in one bankruptcy context. That context is described in *Katchen v. Landy*, 382 U.S. 323, 86

S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen*, a creditor that filed two claims against the bankruptcy estate was later sued by the trustee on a preference theory. 382 U.S. at 325, 86 S.Ct. 467. By filing the claims against the estate, the Supreme Court held that the creditor had subjected himself to the bankruptcy court's equitable jurisdiction to disallow his claims. *Id.* at 336, 86 S.Ct. 467. Although the creditor might have been entitled to a jury trial on the trustee's preference action had he not filed the claims, the Supreme Court concluded that "when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Id.* Since 1966, *Katchen* has twice been reaffirmed by the Supreme Court. *See Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (a preference action against creditors who have filed claims is integral to the restructuring of the debtor-creditor relationship; consequently, the creditors' filing of claims caused them to lose their right to a jury trial in the preference action); *Granfinanciera*, 492 U.S. at 58–59, 109 S.Ct. 2782 (because creditors had not filed claims against the estate, they had not waived their jury trial rights with respect to the trustee's fraudulent conveyance action). Taken together, these three cases stand for the proposition that when a defendant-creditor submits a claim against the estate, the creditor's pursuit of such recovery will change the nature of any subsequent litigation against it, making such litigation part of the claims allowance process under which no jury trial right exists.

### B. The Defendants' Contentions and Supporting Authorities

The Defendants urge the Court to conclude that the Trustee, by filing this action in the bankruptcy court, as opposed to the

district court or the state court, waived his right to a jury trial. Their argument hinges on two separate, albeit similar, legal theories. The first waiver theory is based on the Seventh Circuit's decision in *Hallahan, supra* at p. 3. Prior to the bankruptcy filing in *Hallahan,* the creditor filed a breach of contract suit against the debtor in district court. 936 F.2d at 1499. After the Chapter 7 petition was filed, the creditor commenced a dischargeability action against the debtor in the bankruptcy court, which stemmed from the parties' pre-petition contractual relationship. *Id.* The debtor requested a jury trial, which request was denied by the bankruptcy court and affirmed by the district court. *Id.* The debtor appealed, and the Seventh Circuit framed the issue as follows: "[W]hether the suit, which is legal in nature when brought outside of bankruptcy court, sheds its legal character when heard as part of a dischargeability proceeding conducted by a bankruptcy court in the exercise of its traditional jurisdiction." *Id.* at 1502. In denying the debtor's request for a jury trial, the Seventh Circuit held that

> if creditors "by presenting their claims ... subject[ ] themselves to all the consequences that attach to an appearance," thereby losing any jury trial right otherwise guaranteed by the Seventh Amendment, debtors who initially choose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right. A defendant or potential defendant to an action at law cannot initiate bankruptcy proceedings, thus forcing creditors to come to bankruptcy court to collect their claims, and simultaneously complain that the bankruptcy forum denies him or her a jury trial.

> \* \* \* \* \* \*

The Seventh Amendment confers no right to a jury trial on a debtor like Hallahan, who files voluntarily for bankruptcy and is a defendant in an adversary proceeding. Even if Hallahan was pursuing a "legal" claim, by submitting it to the bankruptcy forum he lost any Seventh Amendment jury trial right he might have asserted.

*Id.* at 1505–06 (internal citations omitted). Relying on the waiver rule set forth in *Hallahan,* the Defendants contend that the Trustee, like a debtor who files a voluntary petition, forfeited his right to a jury trial by voluntarily filing his complaint in bankruptcy court. *See also Dimitri v. Granville Semmes,* Civ.A. No. 00–2448, 2000 WL 1843495, at \*5 (E.D.La. Dec.14, 2000) (debtor, by voluntarily submitting herself to the bankruptcy court's equitable jurisdiction, waived her right to a jury trial); *Crews v. Lyons (In re Lyons),* 200 B.R. 459, 460 (Bankr.S.D.Ga.1994) (same); *Mid Am. Concrete Constr., Inc. v. Sears Roebuck & Co.,* No. 91–C–6286, 1993 WL 177140, at \*3 (Bankr.N.D.Ill.1993) (same); *Haile Co. v. R.J. Reynolds Tobacco Co. (In re Haile Co.),* 132 B.R. 979, 980–81 (Bankr. S.D.Ga.1991) (concluding that waiver principle applicable to creditor who files claim "logically extends to a debtor who, in addition to petitioning the court for protection under title 11, voluntarily brings an adversary proceeding seeking affirmative relief from the court") (citation omitted).

The Defendants' second waiver theory involves a four-step process which is predicated on the interplay between 28 U.S.C. § 157 and the Seventh Amendment. They first contend that this is a non-core proceeding with respect to counts four, five, and six. Second, they note that absent the consent of all of the parties, this Court can only issue proposed findings of fact and conclusions of law in non-core matters.[3]

---

**3.** The Defendants have indicated that they will not consent to this Court's entry of a final

*See* 28 U.S.C. § 157(c)(1) and (2). Third, as to non-core claims, only the district court can issue final orders and judgments, and it can only do so after a de novo review of the bankruptcy court's proposed factual findings and legal conclusions. *See* 28 U.S.C. § 157(c)(1). Fourth, the Defendants contend that the Seventh Amendment prohibits a de novo review of findings made by a jury. *See* U.S. CONST. amend. VII ("no fact tried by jury, shall be otherwise re-examined in any Court of the United States...."). Application of this four-step approach leads the Defendants to the conclusion that 28 U.S.C. § 157 and the Seventh Amendment are inconsistent to the point that they conflict. They reason that this Court cannot conduct a jury trial since the jury's findings would be automatically, yet impermissibly, subject to a de novo review by the District Court.[4] Based on this logic, the Defendants believe that the Trustee waived his right to a jury trial by filing his complaint in a court that lacks the authority to conduct a jury trial.[5]

There is a corollary to the second theory. According to the Defendants, a plaintiff who voluntarily chooses a non-Article III court, when it could have proceeded in either an Article III court or state court, relinquishes its right to proceed in an Article III court. In support of this proposition, the Defendants cite *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986).

In *Schor*, disgruntled customers of a commodities broker utilized a reparations procedure authorized by the Commodity Exchange Act to recover money allegedly owed as a result of the broker's improper conduct. 478 U.S at 836–38, 106 S.Ct. 3245. The broker filed a common law counterclaim against its customers. *Id.* at 837–38, 106 S.Ct. 3245. Administration of the reparations procedure was vested in the Commodity Futures Trading Commission (hereinafter "CFTC"), and the voluntary procedure was designed to be an inexpensive and expeditious alternative to litigation in the courts. *Id.* at 836, 106 S.Ct. 3245. After an administrative law judge ruled in the broker's favor on the customers' claims and the broker's counterclaim, the customers challenged the CFTC's statutory authority to adjudicate the broker's counterclaim. *Id.* at 838, 106 S.Ct. 3245. They argued that pursuant to Article III, § 1 of the Constitution, an administrative agency like the CFTC lacked authority to adjudicate common law counterclaims. *Id.* at 847, 106 S.Ct. 3245. The crux of the customers' argument was that the CFTC's adjudicatory officers did not have the status of Article III judges (i.e., lifetime tenure and salary protections). On appeal, the D.C. Circuit Court of Appeals concluded that the CFTC's adjudication of the broker's counterclaim was unconstitutional under *Northern Pipeline Construction Co. v. Marathon Pipe Line*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d

order in this case.

**4.** In addition, the Defendants note that this Court, absent the consent of all of the parties, is without authority to conduct a jury trial. *See* 28 U.S.C. § 157(e). The Defendants have indicated that they will not consent to a jury trial in bankruptcy court.

**5.** One reported decision supports the Defendants' second theory. In *Naturally Beautiful*

*Nails, Inc. v. Wal–Mart Stores, Inc. (In re Naturally Beautiful Nails, Inc.)*, 252 B.R. 574 (Bankr.M.D.Fla.2000), the debtor-plaintiff sought a jury trial on non-core claims. Concluding that the Seventh Amendment and 28 U.S.C. § 157(c) are incompatible, the court denied the debtor's request on the ground that the Seventh Amendment prohibits the bankruptcy court from conducting a jury trial in non-core cases. 252 B.R. at 576.

598 (1982). *Id.* at 838–39, 106 S.Ct. 3245. In its opinion reversing the circuit court, the Supreme Court stated that

> Article III does not confer on litigants an absolute right to the plenary consideration of every nature of claim by an Article III court. Moreover, as a personal right, Article III's guarantee of an impartial and independent federal adjudication is subject to waiver, just as are other personal constitutional rights that dictate the procedures by which civil and criminal matters must be tried.

> \* \* \* \* \* \*

> In the instant cases, [customer] indisputably waived any right he may have possessed to the full trial of [broker's] counterclaim before an Article III court. [Customer] expressly demanded that [broker] proceed on its counterclaim in the reparations proceeding rather than before the District Court, and was content to have the entire dispute settled in the forum he had selected until the [administrative law judge] ruled against him on all counts; it was only after the ALJ rendered a decision to which he objected that [customer] raised any challenge to the CFTC's consideration of [broker's] counterclaim.

> Even were there no evidence of an express waiver here, [customer's] election to forgo his right to proceed in state or federal court on his claim and his decision to seek relief instead in a CFTC reparations proceeding constituted an effective waiver.

*Id.* at 848–49, 106 S.Ct. 3245. Implicit in the Defendants' reliance on *Schor* is the contention that the Trustee, by his choice of forums, has forever waived his right to have this dispute heard in an Article III court.

### C. The Trustee's Contentions and Supporting Authorities

In contrast, the Trustee rejects the notion that he waived his constitutional right to a jury trial by filing his complaint in the bankruptcy court. Several cases support his view. In *Germain, supra* at p. 3, the trustee filed a lender liability suit against the bank in state court. After the bank successfully removed the action to the bankruptcy court, the trustee made a jury demand. 988 F.2d at 1325. Both the bankruptcy court and the district court granted the trustee's request. *Id.* at 1325–26. On appeal, the Second Circuit rejected the bank's argument that the trustee waived his Seventh Amendment right to try his legal claims to a jury merely because the debtor invoked the bankruptcy court's jurisdiction through the filing of a petition. *Id.* at 1329–30. In distinguishing *Katchen, Granfinanciera,* and *Langenkamp,* the court held that

> neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed. For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.

*Id.* at 1330; *see also Fedor Corp. v. Cohen, Shapiro, Polisher, Shiekman & Cohen (In re Franklin Towne Lodge Ltd. Partnership),* Civ.A. No. 91–2702, 1992 WL 357531, at \*3 (E.D.Pa. Nov.25, 1992) (debtor with state law claims did not waive right to a jury trial by filing adversary proceeding in bankruptcy court). Similarly, the Fifth Circuit ruled in *Jensen, supra* at p. 4, that the debtors, by filing a bankruptcy petition, did not lose their right to a jury

trial on legal claims. There, the court observed that

> [t]he petition for bankruptcy itself has nothing to do with whether the bankruptcy court can exercise equitable jurisdiction over a debtor's pre-petition claims. Its only effect is to pass ownership and control of the claims to the estate and its representative, either a trustee or a debtor in possession. The claims belong to the estate after the petition for bankruptcy is filed, but that does not mean that the claims are then within the court's equitable jurisdiction or that they somehow become equitable in nature.

*Jensen,* 946 F.2d at 373–74.

Aside from his reliance on *Germain, Jensen,* and *Franklin Towne Lodge,* the Trustee insists that there is no irreconcilable conflict between the Seventh Amendment and 28 U.S.C. § 157(c)(1). Regarding this contention, the Trustee argues that he should not be deemed to have forfeited his right to a jury trial merely because this Court cannot conduct a jury trial. Rather, he contends that a situation of this type is contemplated by Local Bankruptcy Rule 9015–3(a), which provides:

> If the parties do not consent to jury trial in Bankruptcy Court and if a timely demand has been made in a case triable by jury, the Bankruptcy Judge shall transfer the adversary proceeding to the District Court when the Bankruptcy Judge determines that the case is ready for trial. Prior to transferring the case, the Bankruptcy Judge shall rule on all discovery motions, other pretrial motions, and summary judgment motions, as provided by law, and the pretrial order shall be entered by the Bankruptcy Judge.

BLR 9015–3(a). According to the Trustee, Rule 9015–3(a) provides a simple solution to this problem. All pretrial matters can and should be resolved by this Court. Then, when the case is ready for trial, it should be referred to the District Court for adjudication.

### D. The Court's Analysis

 At the outset, the Court notes that the term "waiver" is defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937) (citations omitted); *see also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (wherever possible, the constitutional right to a jury trial must be preserved); *NDEP Corp. v. Handl–It, Inc. (In re NDEP Corp.),* 203 B.R. 905, 912–13 (D.Del.1996) ("courts should not be eager to embrace an implied waiver of constitutional rights where there is an affirmative and timely assertion of those rights"). In the present case, it is clear that the Trustee did not intentionally relinquish his constitutional right to a jury trial. What the Court must decide is whether such a waiver should be deemed to have occurred by operation of law. For the reasons which follow, the Court is persuaded that the Trustee has not waived his Seventh Amendment right to submit his claims to a jury.

 In *Katchen, Langenkamp,* and *Granfinanciera,* the Supreme Court made a distinction between a creditor that files a claim against the estate and a creditor that does not. In subsequent preference or fraudulent conveyance litigation, the former is not entitled to a jury trial while the latter retains that right. Underlying this rationale is the idea that "the creditor's

claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." *Langenkamp*, 498 U.S. at 44, 111 S.Ct. 330 (citation omitted).

Three of the four claims at issue here are legal claims, and they are only incidentally related to the bankruptcy case. They do not have anything to do with the claims process and/or the restructuring of the debtor-creditor relationship. Instead, the Trustee has asserted these claims against non-creditor third parties for one reason, to generate funds for distribution to creditors. *See Jensen*, 946 F.2d at 374. This Court chooses not to extend the waiver principle articulated in *Katchen, Langenkamp,* and *Granfinanciera* to a case like this one involving common law claims. A litigant's right to a jury trial on common law claims is constitutionally protected. As stated by the court in *Franklin Towne Lodge*, "legal claims cannot be magically converted into equitable claims by their presentation to a court of equity." 1992 WL 357531 at *3 (citations omitted). Accordingly, the Trustee's commencement of this action in bankruptcy court does not constitute an automatic waiver of his right to a trial by jury.[6] *See Germain*, 988 F.2d at 1329–30; *Jensen*, 946 F.2d at 373; *Franklin Towne Lodge*, 1992 WL 357531 at *3.

28 U.S.C. § 157(e) authorizes a bankruptcy court to conduct a jury trial if three conditions are satisfied: (1) a party must have a right to a jury trial; (2) the bankruptcy court must be authorized to conduct trials by the district court; and (3) all of the parties to the litigation must expressly consent. Although the Trustee is entitled to a jury trial and the Bankruptcy Court in the Northern District of Georgia has been authorized to hold jury trials, *see* LR 83.7B NDGa., the Defendants have not consented. Notwithstanding the Defendants' failure to consent, it would be unconstitutional for this Court to try this case, since the majority of claims are non-core. Pursuant to 28 U.S.C. § 157(c)(1), the jury's findings would be subject to de novo review by the district court. A de novo review would be in violation of the Seventh Amendment's ban on the reexamination of facts tried to a jury.

Given this state of affairs, the Defendants again urge the Court to find that the Trustee waived his Seventh Amendment right to a jury trial by choosing the bankruptcy court as the forum to seek redress for his claims. In other words, since the Trustee knew or should have known that he could not get a jury trial here, he should not have filed his complaint here and then asked for one. But for the fact that the District Court can try this case under Local Bankruptcy Rule 9015–3(a), the Defendants' argument might have some merit. Rule 9015–3(a), however, provides a procedure whereby the bankruptcy court presides over all matters until such time as a case is ready for trial, at

---

**6.** While the Court does not necessarily disagree with the result obtained in *Hallahan, supra* at p. 3, it declines to accept the Seventh Circuit's reasoning that a debtor forfeits his right to a jury trial by the mere filing of a bankruptcy petition. Nevertheless, the Court feels compelled to comment about a particular dynamic of *Hallahan,* not present in the instant case, that troubled the Seventh Circuit. To protect its rights, the creditor in *Hallahan* filed a claim against the estate and a dischargeability action against the debtor. 936 F.2d at 1505–06. The Seventh Circuit concluded that under *Granfinanciera,* the creditor was basically forced to give up its jury trial right. *Id.* at 1506. The Seventh Circuit commented that it would be unjust to recognize the debtor's right to a jury trial while not recognizing the same right for the creditor. *Id.* Such a perceived injustice is not present here, as the Defendants could have requested and obtained a jury trial.

which point the proceeding is referred to the district court.[7] Accepting the Defendants' waiver argument in this regard will require the Court to ignore the procedure outlined in Rule 9015–3(a). This, the Court will not do.[8]

## CONCLUSION

Having given this matter its careful consideration, the Court concludes that the Trustee has not waived his Seventh Amendment right to a jury trial. Accord-

ingly, the Defendants' Motion to Strike the Jury Demand is hereby **DENIED.** Rule 9015–3(a) will govern this proceeding from this point forward.

**IT IS SO ORDERED.**

7. The Court realizes that Rule 9015–3(a) specifically applies only when the requisite consent for a jury trial has not been obtained. It does not speak to a case like the present in which there are constitutional limitations. Although the constitutional concerns present an additional reason, which is not referenced in the local rule, why this case will have to be referred to the District Court, this Court is of the view that Rule 9015–3(a) applies nonetheless.

8. Much has been made of the Trustee's choice of commencing this litigation in the bankruptcy court. There is no question but that the Trustee could have filed his lawsuit in either the state or district court and that he would have been entitled to a jury trial in either. In *Schor*, the Supreme Court ruled that a litigant, by electing an administrative process, waived his right to later have his claims heard in an Article III court. 478 U.S at 848–49, 106 S.Ct. 3245. It appears that the Defendants have cited *Schor* for the proposition that by asserting claims in a non-Article III

court, the Trustee is barred from asserting those same claims in an Article III court. For two reasons, their reliance on *Schor* is misplaced. First, *Schor* is factually distinguishable from the case at bar. In *Schor*, the arbiter was a federal agency. Although this Court is not an Article III court, it is a court within the federal judicial system. In addition, the litigant in *Schor* was happy with the non-Article III forum until he received an adverse ruling from the administrative law judge. It was only after he received the adverse ruling did he complain that the claims should have been resolved in an Article III court. Here, the Trustee filed his jury demand ten days after the complaint was filed and this lawsuit is still in its infant stages. Unlike the litigant in *Schor*, the Trustee is not trying to figure out a way around an unfavorable ruling. Second, reading *Schor* as expansively as the Defendants have suggested would eviscerate the dual administration of cases between the bankruptcy and district courts as contemplated by Rule 9015–3(a).