**In re Sarah Ferita Fe Fowler GUENTHER, Debtor.**

**Roger D. JOHNSON, Trustee, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant.**

**Adv. No. 86 M 0237.**

United States Bankruptcy Court, D. Colorado.

Oct. 7, 1986.

J. Stephen Mullen and John Eastlack, Colorado Springs, Colo., for defendant.

Christine M. Arguello, Colorado Springs, Colo., for plaintiff.

**ORDER REGARDING DEFENDANT'S MOTION FOR DETERMINATION OF CORE, NON–CORE PROCEEDING AND REGARDING ABSTENTION AND JURY TRIAL**

JOHN F. McGRATH, Bankruptcy Judge.

On April 2, 1986, the Trustee filed a Complaint against State Farm Mutual Automobile Insurance Co. (State Farm) seeking actual damages in a minimum sum of $259,000 and punitive damages in the amount of $300,000, plus costs and attorneys fees. The Trustee alleges that the Debtor was insured by State Farm at the time that the Debtor was involved in an automobile accident which injured Cathy Rockwood and her son, Seth Rockwood (a minor). The Debtor was sued and State Farm retained Frank Robbins as counsel to comply with policy requirements. Since

the Debtor was sued for more than the sum covered by the policy, she employed Lee R. Wills as her attorney to defend against the excess damages sought. It is alleged that State Farm knew Seth Rockwood's injuries could be valued as high as $750,000 and that Cathy Rockwood's damages would be high also. It is alleged that the attorneys for Cathy and Seth Rockwood, the attorney for State Farm and the Debtor's personal attorney all advised State Farm to settle within the policy limits, ($200,000 for both injuries) as there was a great risk of a verdict which would exceed the policy limits if the action went to trial. Indeed, it is alleged that State Farm had independent counsel evaluate a settlement and that counsel also advised settlement within the policy limits. State Farm did not settle. It is alleged that the Plaintiffs in the damage lawsuit would have settled within the policy limits. The matter went to trial and a verdict was rendered against the Debtor in the amount of $425,-092.69. This verdict exceeded the policy limits by more than $225,000. State Farm deposited the sum of $165,538.88 with the court on April 15, 1984, in satisfaction of that judgment. At the present time, therefore, there is due and owing a sum in excess of $260,000 on the judgment. The Trustee believes that he has a good cause of action against the insurance company based on its bad faith breach of the insurance contract, breach of fiduciary duty and negligence in failure to settle the personal injury action which resulted in the damages awarded to the Plaintiff.

It is difficult for the court to determine whether the instant action is based on breach of contract or on a tort. The Complaint arose out of a pre-petition contractual relationship between the Debtor and the Defendant. As a result of the Defendant's failure to settle the personal injury actions in state court, the Debtor was made liable for the balance of the judgment in a sum in excess of $260,000. As a result of this excessive judgment, Debtor was forced to file bankruptcy. The issue which arises is whether or not this matter can be considered "core" or "non-core" pursuant to 28 U.S.C. § 157(b)(2). Further, the Defendant seeks a trial by jury and this Court acknowledges that the Defendant is entitled to one. This is true if the action is one for damages for breach of contract or based on negligence to settle.

Pursuant to 28 U.S.C. § 157(b)(3), the bankruptcy judge must determine his own jurisdiction. The bankruptcy judge shall determine whether or not a proceeding is a "core" proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A non-exclusive list of "core" proceedings are set forth in 28 U.S.C. § 157(b)(2). A bankruptcy judge may hear and determine "core" proceedings and cases under title 11 U.S.Code. If the proceeding is not a "core" proceeding and the parties consent, the bankruptcy judge can hear and determine matters related to title 11 and enter orders which are subject to review under 28 U.S.C. § 158, pursuant to 28 U.S.C. § 157(c)(2). If the proceeding is not a "core" proceeding and the parties do not consent, the bankruptcy judge can hear the matters and enter proposed findings of fact and conclusions of law to the district court under 28 U.S.C. § 157(c)(1). The Code does not define a "core" proceeding nor a "related" proceeding. However, in the *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984), "related proceedings" were defined as "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court."

The Court finds that the instant adversary proceeding is a non-core proceeding, since it is a pre-petition cause of action which could have been brought in the district or state court, and is related only peripherally to the bankruptcy case itself. Thus, it is also a "related" proceeding. This is true whether or not this action is categorized as a tort or a breach of contract action. Even if characterized as a tort, it is not the classic personal injury tort discussed at 28 U.S.C. § 157(b)(5) which does not allow jurisdiction to the bankruptcy court. Further, there is diversity of

citizenship present between citizens of Colorado (the Trustee), the Debtor and the insurance company, which is incorporated in the State of Illinois, whereby the U.S. District Court would have jurisdiction.

Reference to the bankruptcy court in a non-core, related proceeding limits that court's findings to proposed findings of fact and conclusions of law and recommendation to the district judge. The defendants have requested a jury trial in this matter. Even though this Court can conduct jury trials, it would be inefficient use of procedure to conduct a jury trial and make proposed findings of fact and conclusions of law that might conflict with the jury verdict. Further, it would seem that a second jury trial in the district court would have to be undertaken if there was an objection by either party to that procedure in the bankruptcy court, as there is at this time, in this proceeding. Thus, it would be better for the U.S. District Court to hear the jury trial and render necessary decisions.

The assets involved in this proceeding constitute the entire property of the debtor's estate. This case was filed on April 19, 1984, and this adversary proceeding was filed on April 2, 1986. Pursuant to 11 U.S.C. § 108(a)(2), if the time for filing such a proceeding has not expired at the time of filing of the bankruptcy case, the debtor or trustee has two years in which to file the action after the order for relief has entered. The time for filing this cause of action apart from the bankruptcy case in a state district court or federal court has expired and, therefore, the only action that can now be effectively prosecuted by the trustee is this adversary proceeding. The Defendant has asked this court to abstain from the hearing of this case. If the court were to abstain, the trustee could not file it anywhere else since the time for filing outside of bankruptcy has expired. Section 1334(b) and (c)(1) and (c)(2) of title 28 U.S. Code govern abstention by the court. Section 1334(b) provides that the United States District Court shall have original but not necessarily exclusive jurisdiction of all civil

proceedings under title 11 or arising thereunder or related to cases under title 11. This court has indicated previously that this proceeding is a proceeding related to a title 11 case. In the interests of comity, the district court can abstain from hearing a particular proceeding pursuant to 28 U.S.C. § 1334(c)(1). However, the court should not abstain since this matter does not present issues concerning constitutional or other peculiar state laws and cannot be adjudicated in a timely manner in the state court, since the trustee is time barred from filing any action except the present adversary proceeding now pending. Thus, while this bankruptcy court does have jurisdiction over this related, non-core proceeding it is recommended that the reference be withdrawn and that this adversary proceeding be tried to a jury in the United States District Court for the District of Colorado.

WHEREFORE, IT IS ORDERED and RECOMMENDED that even though this Court has jurisdiction, reference to this bankruptcy court be withdrawn and this proceeding be transferred for trial to a jury in the United States District Court for the District of Colorado.