In re HAILE COMPANY d/b/a Haile Tobacco Company, Debtor.

HAILE COMPANY d/b/a Haile Tobacco Company, Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY, Phillip Morris, Lorillard, Inc., Brown & Williamson Tobacco Corporation, the American Tobacco Company and U.S. Tobacco Company, Defendants.

Bankruptcy No. 88–40864.
Adv. No. 90–4118.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Oct. 25, 1991.

Barnard M. Portman, Paul H. Felser, Savannah, Ga., for plaintiff.

Molly M. Howard, Wayne S. Racz, Savannah, Ga., for defendants.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

■ Plaintiff, Haile Company d/b/a Haile Tobacco Company, debtor in this Chapter 11 case, demands trial by jury of the issues raised in its complaint. Defendants oppose the demand. Plaintiff brought this adversary proceeding alleging defendants took certain actions intended to harm plaintiff's business relations in furtherance of a conspiracy to drive plaintiff out of business. Plaintiff's complaint sounds in tort and all parties concede this is a non-core proceeding. The bankruptcy court may hear non-core proceedings but may not enter a final order, and must submit proposed findings of fact and conclusions of law to the district court who reviews the bankruptcy court's recommendations de novo. 28 U.S.C. § 157(c)(1).[1] The Seventh Amendment to the Constitution of the United States of America preserves under certain circumstances the right to trial by jury and proscribes re-examination of factual determinations reached by the jury.[2] The Seventh Amendment's prohibi-

---

1. 28 U.S.C. § 157(c)(1) provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

2. The Seventh Amendment provides:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise

tion against de novo review of the jury's findings and § 157(c)(1)'s requirement that the bankruptcy court's findings in non-core proceedings be reviewed de novo by the district court are incompatible. Accordingly, the bankruptcy court, absent consent of the parties, may not conduct a jury trial in a non-core proceeding. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir.1990); *Beard v. Braunstein*, 914 F.2d 434, 443 (3rd Cir.1990); *In re Kaiser Steel Corp.*, 911 F.2d 380, 389–92 (10th Cir.1990); *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727, 730 (D.M.D.Ga.1985); *Ellenberg v. Bouldin*, 125 B.R. 851, 855–56 (Bankr. N.D.Ga.1991); *In re Bertholet v. Harman*, 126 B.R. 413, 416 (Bankr.D.N.H.1991). *See also Ford v. Estelle*, 740 F.2d 374, 380 (5th Cir.1984).

Plaintiff seeks to have this adversary proceeding withdrawn to the district court pursuant to 28 U.S.C. § 157(d) in order to accommodate its right to a jury trial.[3] Generally, where all the parties have not consented to the bankruptcy court's jurisdiction[4] in a non-core proceeding to which a right to jury trial applies, the bankruptcy court should recommend to the district court that the district court withdraw the reference pursuant to 28 U.S.C. § 157(d). *See, e.g., In re Guenther*, 65 B.R. 650, 652 (Bankr.D.Colo.1986). However, plaintiff waived its Seventh Amendment right to a jury trial by bringing this adversary proceeding in this court. Although the Supreme Court recognized the right to a jury trial in a bankruptcy proceeding where, as here, rights are asserted that under the common law were adjudicated in a court where factual determinations were made by a jury, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court held that by filing a proof of claim a creditor submits to the equitable (or summary) jurisdiction of the bankruptcy court and thereby waives its right to a jury trial.[5] *Langenkamp v. Culp*, —— U.S. ——, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990); *Granfinanciera, supra*, 109 S.Ct. at 2798–99; *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966).

> [B]y submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate.

*Granfinanciera, supra*, 109 S.Ct. at 2799 n. 14.

The waiver principle logically extends to a debtor who, in addition to petitioning the court for protection under title 11, voluntarily brings an adversary proceeding seeking affirmative relief from the court. *See In re Manning*, 71 B.R. 981, 987 (Bankr. N.D.Ala.1987) (holding debtor waives right to jury trial by filing permissive counterclaim). *See also Matter of Hallahan*, 936 F.2d 1496, 1505 (7th Cir.1991) (holding debtor consents to jurisdiction by filing bank-

---

reexamined in any Court of the United States, than according to the rules of the common law.

**3.** 28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

I am not aware that plaintiff has filed a motion with the district court to withdraw the reference.

**4.** 28 U.S.C. § 157(c)(2) provides:

Notwithstanding the provisions of paragraph (1) of this subsection [see note 1], the district court, *with the consent of all the parties to the proceeding*, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

(emphasis added).

**5.** In fact, in this case plaintiff asserts defendants are subject to the jurisdiction of this court because each defendant has filed a proof of claim in the underlying Chapter 11 case (complaint, para. 1).

ruptcy petition and thereby waives right to jury trial); *Bayless v. Crabtree Through Adams,* 108 B.R. 299, 305 (Bankr. W.D.Okla.1989), *aff'd,* 930 F.2d 32 (10th Cir.1991) (holding legal assertions, otherwise subject to jury trial, brought by trustee or debtor are "open to adjudication in equity by Bankruptcy Judges under their power to afford complete relief"). By voluntarily selecting the bankruptcy court rather than state court as the forum in which to assert its state-law cause of action, plaintiff consented to this court's equitable jurisdiction and thereby waived its right to trial by jury. *See Katchen, supra,* 86 S.Ct. at 476–77. As plaintiff has waived its right to a jury trial, I am not confronted with a conflict between the Seventh Amendment and 28 U.S.C. § 157(c)(1). I will not recommend that the district court withdraw the reference pursuant to 28 U.S.C. § 157(d).

It is therefore ORDERED that plaintiff's jury demand is denied.