### In re Albert Curtis HUTCHINS, Jr.

### Albert Curtis HUTCHINS, Jr., Plaintiff,

### v.

### FORDYCE BANK AND TRUST COMPANY, FBT Bancshares, Inc., Roy McClain, and John Does 1 through 10, Defendants.

Bankruptcy No. 96–50949 S.
Adversary No. 97–1505.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

July 11, 1997.

Stephen Gershner, Little Rock, AR, for debtor.

Janet Pulliam, Denise Hoggard, Little Rock, AR, for Defendants.

David Coop, Little Rock, AR, Chapter 13 Trustee.

### ORDER STRIKING JURY DEMANDS

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a review of the plaintiff's demand for jury trial, the defendants' objection to plaintiff right to a jury trial, and the defendants' "Motion for Opportunity to reply to Plaintiff's Response to Defendants' Objection to Plaintiff's Right to Trial by Jury on Count I and II of the Plaintiff's Complaint," filed on May 30, 1997.

The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996. Approximately one week after the filing of the case, Fordyce Bank and Trust Company ("the bank") authorized an attorney to investigate and evaluate debtor's work performance. Within one month of the filing of the bankruptcy case, the bank and FBT Bancshares, Inc. ("FBT") terminated debtor's employment contracts. Accordingly, the debtor initiated this separate lawsuit stating six causes of action: The first count alleges a cause of action for violation of the automatic stay, 11 U.S.C. § 362; the second for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. § 525; the third and fourth counts allege that actions taken by the boards of directors of debtor's employers were invalid

because they were without notice; the fifth count alleges that the plaintiff was fired without cause, in breach of debtor's employment contracts; and the sixth cause alleges a civil conspiracy to interfere with plaintiff's contractual rights.

 Both the complaint and answer demand trial by jury.[1] The Seventh Amendment to the Constitution of the United States preserves a right to trial by jury—

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Thus, under this provision of the Constitution, the right to jury trial is preserved for actions at law, but actions in equity are not triable by jury.

 This separate lawsuit, now an adversary proceeding before the bankruptcy court, was filed *after* the commencement of a bankruptcy case. Accordingly, when the proceeding was filed, the plaintiff was a debtor in bankruptcy. The vast majority of cases hold that a debtor in bankruptcy has submitted his claims to the equitable jurisdiction of the bankruptcy court such that there is no entitlement to trial by jury. *See Longo v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir.1993); *N.I.S. Corp. v. Hallahan (Matter of Hallahan)*, 936 F.2d 1496, 1505 (7th Cir. 1991)("Even if we were to assume that the dischargeability action was legal in nature, however, Hallahan cannot claim a right to jury trial because, as a Chapter 7 debtor, he voluntarily submitted his case to bankruptcy court."); *Parsons v. United States (In re Parsons)*, 153 B.R. 585 (M.D.Fla.1993); *Romar International Georgia, Inc. v. Southtrust Bank of Alabama, National Association (In re Romar International Georgia, Inc.)*, 198 B.R. 407, 412 (Bankr.M.D.Ga. 1996)("The Court is persuaded that, by filing

this adversary proceeding, Plaintiff has subjected its lender liability action to this Court's equitable powers to allow, disallow, and offset mutual debts, even though Plaintiff's claims are legal in nature.") *Crews v. Lyons (In re Lyons)*, 200 B.R. 459 (Bankr. S.D.Ga.1994); *Haile Co. v. R.J. Reynolds Tobacco Co. (In re Haile Co.)*, 132 B.R. 979 (Bankr.S.D.Ga.1991); *Leslie Salt Co. v. Marshland Development, Inc. (In re Marshland Development, Inc.)*, 129 B.R. 626 (Bankr.N.D.Cal.1991); *The Splash v. Irvine Co (In re Lion Country Safari, Inc., California)*, 124 B.R. 566 (Bankr.C.D.Cal.1991); *In re Beugen*, 81 B.R. 994 (Bankr.N.D.Cal.1988). *See also Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). This Court follows these well-reasoned authorities which hold that a debtor in bankruptcy does not have a right to jury trial on pre-petition claims.

The debtor argues that the defendants may not withdraw their demand for jury trial, citing Rule 38(d), Federal Rules of Civil Procedure. Many provisions of the Federal Rules of Civil Procedure have been incorporated into the Federal Rules of Bankruptcy Procedure. However, Rule 38 is not one of the rules which applies in bankruptcy such that the debtor's argument is without merit. Further, the fact that the debtor initially filed this suit in district court, where that rule would apply does not aid him. The debtor, represented by experienced bankruptcy counsel, was fully aware that the matter was required to be filed with the Clerk of the United States Bankruptcy Court, that several of the issues—indeed, the primary issues—were core matters, and that the matter would be heard by the United States Bankruptcy Court. The district court, upon reviewing the file, realized that the matter raised core bankruptcy issues and promptly transmitted the file to the bankruptcy court. Since a bankruptcy case was already pending and the debtor was fully aware of the procedures to be followed, it would appear that the

---

1. The defendant Fordyce Bank and Trust Company filed a proof of claim on March 4, 1997, and thus has no right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990)(creditor who files a proof of claim has brought itself within the equitable jurisdiction of the bankruptcy court and, thus, has no

Seventh Amendment right to a jury trial). By objecting to the plaintiff's demand for jury trial and by the arguments propounded, the defendants FBT Bancshares, Inc. and Roy McClain have effectively withdrawn their demand for jury trial.

filing in district court was for questionable motives, perhaps even to circumvent the law so fully cited above. This being the case, the fact that the debtor filed the separate lawsuit initially in the district court will not preserve for him the application of the Federal Rules of Civil Procedure not specifically made applicable to bankruptcy cases. In any event, the civil and bankruptcy rules are procedural guides and do not necessarily confer a substantive right to a jury trial. A party's right to jury trial arises by virtue of United States Constitution, not the Federal Rules of Civil Procedure. Since this matter is now before the bankruptcy court, as it should have been in the first instance, the Federal Rules of Bankruptcy Procedure will be applied.

**ORDERED** as follows:

1. The defendants' "Motion for Opportunity to reply to Plaintiff's Response to Defendants' Objection to Plaintiff's Right to Trial by Jury on Count I and II of the Plaintiff's Complaint," filed on May 30, 1997, is GRANTED.

2. The Plaintiff's jury demand is Stricken. The defendant's jury demand is Stricken. This matter will proceed to trial before the United States Bankruptcy Court for the Eastern District of Arkansas.

**IT IS SO ORDERED.**