In re Patricia A. QUARLES.

Patricia A. Quarles,

v.

Wells Fargo Home Mortgage, Inc.

Bankruptcy No. 4:02–BK–16785 E.
Adversary No. 4:03–ap–01036E.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 28, 2003.

Patricia Quarles, Little Rock, AR, pro se.

Kimberly Burnette, Little Rock, AR, for Defendant.

Joyce Bradley Babin, Little Rock, AR, Chapter 13 Trustee.

### *ORDER RE JURY DEMAND*

AUDREY EVANS, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Plaintiff's demand for a jury trial contained in her Complaint, filed on February 3, 2003. This Court initially makes a determination of whether a party is entitled to a jury trial. *See Lerblance v. Rodgers (In re Rodgers & Sons, Inc.)*, 48 B.R. 683, 688 (Bankr.E.D.Okla.1985).

Federal Rule of Bankruptcy Procedure 9015(b) provides:

If the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., and the bankruptcy judge has been specially designated to conduct the jury trial, the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule.

*See also* 28 U.S.C. § 157(e). In this case, Plaintiff has made a timely demand for jury trial in accordance with Fed.R.Civ.P. 38(b) in that her demand was included in her Complaint, served on the Defendant and filed with the Court. Pursuant to General Order 44 of the United States District Court for the Eastern District of Arkansas, the bankruptcy judges in this district are specially designated to conduct jury trials with the express consent of all parties. Accordingly, this Court need only determine whether the Plaintiff has a right to a jury trial in this case, and if so, whether all parties have consented to the bankruptcy court's holding the jury trial.

The right to a jury trial is preserved by the Seventh Amendment to the Constitution of the United States which provides as follows:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

To determine whether a party has the right to a jury trial under the Seventh Amendment, the United States Supreme Court has set forth the following analysis:

> "First, we compare the statutory action to eighteenth-century actions brought in the courts of England prior to the merger of the courts of law and equity. Sec-

ond, we examine the remedy sought and determine whether it is legal or equitable in nature."

*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989) (*quoting Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987)) (holding that a party who has filed a proof of claim in a bankruptcy case has subjected itself to the court's equitable powers and is not entitled to a jury trial). Legal actions are entitled to a jury trial; equitable actions are not triable by a jury. *See Hutchins v. Fordyce Bank and Trust Co. (In re Hutchins),* 211 B.R. 322, 324 (Bankr.E.D.Ark. 1997). However, even legal causes of actions are not always afforded a jury trial in bankruptcy court (as explained below), and accordingly, the Court must still examine whether the Debtor's status as a voluntary debtor in bankruptcy court precludes her right to a jury trial.

■ Several courts have concluded that a voluntary debtor cannot have a jury trial because a debtor in bankruptcy court has submitted her case to the equitable jurisdiction of the bankruptcy court. *See e.g., In re Hutchins,* 211 B.R. at 324 (*citing Longo v. McLaren (In re McLaren),* 3 F.3d 958 (6th Cir.1993); *N.I.S. Corp. v. Hallahan (Matter of Hallahan),* 936 F.2d 1496, 1505 (7th Cir.1991)) (other citations omitted). Other courts disagree and hold that a debtor only forfeits its right to a jury trial with respect to those causes of actions that are " 'integral to the restructuring of the debtor-creditor relationship.' " *See WSC, Inc. v. Home Depot, Inc. (In re WSC, Inc.),* 286 B.R. 321, 329 (Bankr.W.D.Tenn.2002) (*quoting Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990)). Having reviewed Supreme Court precedent such as *Granfinanciera, Langenkamp,* and *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15

L.Ed.2d 391 (1966), and other Courts of Appeals cases, the Bankruptcy Court for the Middle District of Tennessee concluded that the issue to be examined is not whether a party has waived its right to a jury trial by submitting to the jurisdiction of the bankruptcy court, but whether the lawsuit invokes equitable bankruptcy processes, such that a legal cause of action is converted to one in equity. *In re WSC, Inc.*, 286 B.R. at 326–331. *See also Germain v. Connecticut National Bank*, 988 F.2d 1323, 1330–1331 (2d Cir.1993) ("It is reasonable that a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor and which creditors are senior to the creditor hierarchy. We will not presume that the same creditor or debtor has knowingly and willingly surrendered its constitutional right to a jury trial for the resolution of disputes that are only incidentally related to the bankruptcy process."). For the reasons stated in *In re WSC, Inc.* and *Germain*, this Court holds that a voluntary debtor does not forfeit his or her right to a jury trial in every case just by filing a petition in bankruptcy. Rather, the lawsuit itself must be examined to determine whether it involves an adjustment of the debtor-creditor relationship (such as in the claims allowance process) or whether it is only incidentally related to the equitable processes available in bankruptcy.

■ In this case, the Plaintiff is suing for money damages to compensate her for the alleged conversion of and damage to her personal property.[1] Plaintiff also alleges that her property was taken in violation of the automatic stay provided by 11 U.S.C. § 362. Plaintiff's allegation regarding the automatic stay invokes an equitable provision of the Bankruptcy Code, and is therefore equitable in nature such that no right to a jury trial exists with respect to that allegation.[2] However, that portion of Plaintiff's complaint alleging conversion of and damage to her personal property is an action at law to which the right to a jury trial attaches. The Court further finds that the Plaintiff's lawsuit against Defendant does not invoke an adjustment of the debtor-creditor relationship, but is simply an action to recover personal property or be compensated for its loss or damage. Although the Plaintiff and Defendant once had a debtor-creditor relationship, the Defendant is no longer a creditor in the Debtor's bankruptcy. The Defendant has not filed a proof of claim in the Plaintiff's bankruptcy case, and pursuant to an agreed order entered in the Debtor's case-in-chief, the automatic stay was lifted with respect to Defendant's collateral (real property) so that Defendant could obtain possession of its collateral. These facts are not in dispute. Accordingly, the debtor-creditor relationship between Plaintiff

---

1. "Conversion is a common-law tort action for the wrongful possession or disposition of another's property." *McQuillan v. Mercedes–Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). Although Plaintiff does not use the term "conversion" in her complaint, she alleges that her property was wrongfully taken, stored and damaged. The Court must give *pro se* complaints liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Mel-*

*lott v. Purkett*, 63 F.3d 781, 785 (8th Cir. 1995).

2. The Debtor's allegations regarding violation of the automatic stay have been raised in the case-in-chief by motion and continued by order of this Court entered on October 22, 2002. Those allegations may be heard at the same time as this adversary proceeding although the Court will rule on those allegations rather than submitting them to a jury.

and Defendant is not at issue, and the Plaintiff has a right to a jury trial with respect to her allegations that the Defendant took her personal property, failed to return all of it, and damaged that property which was returned.

The Court has determined that Plaintiff is entitled to a jury trial on those issues raised in her Complaint not involving violation of the automatic stay; however, neither party has filed a statement indicating whether they consent to a jury trial before a bankruptcy judge on these issues. Accordingly, it is hereby

**ORDERED** that within ten (10) days of entry of this Order, each party shall file a statement with the Court indicating whether they consent to a jury trial before a bankruptcy judge.

**IT IS SO ORDERED.**